UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WILLIAM T. CARTER, | ) | Case No. **18-71665** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE | ) | |
| FOR WILLIAM T. CARTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM T. CARTER, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY
TO SELL PROPERTY OF THE ESTATE AT PUBLIC AUCTION, FREE
AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS, PURSUANT
TO 11 U.S.C. § 363 AND BANKRUPTCY RULE 6004; (II) AUTHORITY RELATED TO
CLOSING AND DISTRIBUTION OF SALE PROCEEDS; AND (III) RELATED RELIEF**

William E. Callahan, Jr., Trustee (the "Trustee"), by counsel, moves the Court to (i) grant the Trustee authority to sell property of the estate at public auction, free and clear of all liens, claims, rights, and interests, pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6004, (ii) grant the Trustee authority related to the closing and the distribution of the sale proceeds, and (iii) grant related relief, as follows:

**Jurisdiction**

1.     William T. Carter (the "Debtor") filed a petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on December 17, 2018, commencing the captioned case (the "Case").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), §157(a), and § 2201. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The Trustee was appointed the trustee at the meeting of creditors pursuant to section 702(d) of the Bankruptcy Code and continues to serve in that capacity.

**The Proposed Sale of Property of the Estate**

4. At the commencement of the Case, the Debtor owned (a) 1994 Ford Mustang Cobra, (b) a 2006 Tracker Marine Tahoe 215cc 21 foot watercraft, (c) a 2000 Yamaha personal watercraft, and (d) a 2002 Yamaha jetski (collectively, the Personal Property").

5. Pursuant to section 541(a) of the Bankruptcy Code, the Personal Property became property of the estate of this Case upon the commencement of the Case.

6. The known asserted liens on, claims to, rights in and interests in the Personal Property are as follows (collectively, the "Liens & Interests"):

   a. the properly asserted claims of exemption by the Debtor of the 1994 Ford Mustang Cobra under section 34-26(8) of the Code of Virginia (1950, as amended) and the Tracker Marine Tahoe watercraft under section 34-4 of the Code of Virginia (1950, as amended) in the amounts of $3,348.00 and $643.00, respectively (the "Exemptions");

   b. the Debtor's residual interest in the Personal Property; and

   c. any unperfected liens, claims, rights, or interests in the Personal Property.

7. The Trustee requests the authority of the Court to sell the Personal Property at public auction to the final, highest bidder, pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004. Pursuant to section 363(b)(1) of the Bankruptcy Code, the trustee, after notice and a hearing, may sell property of the estate other than in the ordinary course of

business. In addition, pursuant to Bankruptcy Rule 6004(f)(1), the trustee may sell property not in the ordinary course of business at public auction.

8. The Trustee further proposes that he sell the Personal Property free and clear of all liens, claims, rights and interests on or in the Personal Property, including without limitation, the Liens & Interests set forth in paragraph 6, above, pursuant to section 363(f) of the Bankruptcy Code, and that all Liens & Interests attach to the proceeds of the sale of the Personal Property according to the respective priority and extent of such Liens & Interests, their effectiveness under the Bankruptcy Code, if any, and applicable non-bankruptcy law.

9. Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

10. Grounds exist for the sale of the Personal Property free and clear of all Liens & Interest. Grounds exist for the sale free and clear of the Exemptions, in that, in each instance, the Debtor could be compelled in a legal or equitable proceeding to accept a money satisfaction of such Exemptions. Grounds exist for the sale free and clear of the Debtor's residual interest and all unknown, unperfected, and inchoate liens, claims, rights, and interests, in that, in each instance, such a lien, claim, right, or interest is subordinate to the estate's interest and therefore is in bona fide dispute until the estate's interest has been satisfied and all claims paid in full.

11. The purchase price for the Personal Property obtained by the proposed auction will reasonable, in that such price will be determined by exposing the Personal Property to the market through the services of a licensed auctioneer who will advertise the sale of the Personal Property to a broad market and create the maximum opportunity to obtain the highest price.

12. The proposed sale of the Personal Property is in the best interests of the estate and its creditors. The sale of the Personal Property is estimated to generate sufficient funds to provide a meaningful dividend to the unsecured claims filed in this Case. In addition, the proposed sale will eliminate the risks, costs, and potential losses associated with the continued retention of the Personal Property in the estate of this Case.

### Proposed Authority Related to Closing and Disposition of Sale Proceeds

13. Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11. Furthermore, Bankruptcy Rule 6004(f)(2) provides that the trustee shall execute any instrument necessary or ordered by the court to effectuate a transfer to a purchaser.

14. It is necessary for the closing of the proposed sale of the Personal Property for the Trustee to execute and deliver Trustee's Special Warranty Bills of Sale and the Certificates of Title for the vehicle and the watercraft and other documents that may be reasonably requested by the purchasers. The Trustee requests authority to sign and deliver Trustee's Special Warranty Bills of Sale and the Certificates of Title for the Personal Property and other documents reasonably requested by the purchasers.

### Effective Date of Order

15. Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until fourteen (14) days after entry of the order, unless the court orders otherwise. Under

the circumstances of this proposed sale, and absent any objection to the proposed sale, cause exists for the Court to make its order granting this Motion to become effective immediately upon entry, as permitted by Bankruptcy Rule 6004(h).

**Adequacy of Notice**

16.     Notice of the Motion, the proposed sale of the Personal Property, the hearing on the Motion, and the deadline to file an objection to the Motion has been given as reflected on the certificate of service annexed to the Notice of Hearing and Deadline to Object (the "Notice") filed with the Court. The notice given is sufficient and fully complies with the applicable rules governing notice, including without limitation, Bankruptcy Rule 2002(a)(2) and Local Rule 9013-1(M). No further notice is required. In the event there are no objections to the Motion filed by the deadline set forth in the Notice, the Trustee requests that the Court enter an order granting the relief requested herein and cancelling the hearing on the Motion.

WHEREFORE, the Trustee, by counsel, moves the Court to enter an order (1) adopting the foregoing as its findings of fact and conclusions of law, (2) granting the Motion in its entirety, (3) authorizing the Trustee to sell the Personal Property at a public auction to the highest responsive bidder, free and clear of all liens, claims, rights and interests, known and unknown, including without limitation the Liens & Interests, with such liens, claims, rights and interests attaching to the proceeds of sale in their respective priority and their respective effectiveness as to the estate, (4) authorizing the Trustee to sign and deliver Trustee's Special Warranty Bills of Sale and the Certificates of Title for the Personal Property and other documents reasonably requested by the purchasers, (5) providing that the order approving the proposed sale be effective immediately upon entry, (6) in the event no objection to the Motion is

timely filed, granting the relief requested without hearing and cancelling the hearing on the Motion, and (7) granting such other relief as is just.

                WILLIAM E. CALLAHAN, JR., TRUSTEE
                FOR WILLIAM T. CARTER

        By:   /s/ William E. Callahan, Jr.
                Counsel

William E. Callahan, Jr., Esq. (VSB No. 37432)
LECLAIRRYAN, PLLC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, VA 24006-1200
Telephone:  (540) 777-3068
Facsimile:  (540) 510-3050
Email:  william.callahan@leclairryan.com

    Counsel for the Trustee

6