

**SIGNED THIS 11th day of April, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| WILLIAM T. CARTER, ) | Case No. **18-71665** |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE ) | |
| FOR WILLIAM T. CARTER, ) | |
| ) | |
|    Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM T. CARTER, ) | |
| ) | |
|    Respondent. ) | |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY
TO SELL PROPERTY OF THE ESTATE AT PUBLIC AUCTION, FREE
AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS, PURSUANT
TO 11 U.S.C. § 363 AND BANKRUPTCY RULE 6004; (II) AUTHORITY RELATED TO
<u>CLOSING AND DISTRIBUTION OF SALE PROCEEDS; AND (III) RELATED RELIEF</u>**

The matter before the Court is the Motion of Chapter 7 Trustee for (I) Authority to Sell Property of the Estate at Public Auction, Free and Clear of All Liens, Claims, Rights, and Interests, Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Authority Related to the

Closing and Distribution of Sale Proceeds; and (III) Related Relief (the "Motion") [Docket No. 24], filed by William E. Callahan, Jr., Trustee (the "Trustee").

Based on the representations made by the Trustee in the Motion and on the Court's judicial notice matters contained in the record of this Case, the Court finds and concludes that:

A.   William T. Carter (the "Debtor") filed a petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on December 17, 2018, commencing the captioned case (the "Case").

B.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), §157(a), and § 2201.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The Trustee was appointed the trustee at the meeting of creditors pursuant to section 702(d) of the Bankruptcy Code and continues to serve in that capacity.

D.   At the commencement of the Case, the Debtor owned (a) 1994 Ford Mustang Cobra, (b) a 2006 Tracker Marine Tahoe 215cc 21 foot watercraft, (c) a 2000 Yamaha personal watercraft, and (d) a 2002 Yamaha jetski (collectively, the Personal Property"). Pursuant to section 541(a) of the Bankruptcy Code, the Personal Property became property of the estate of this Case upon the commencement of the Case.

E.   The known asserted liens on, claims to, rights in and interests in the Personal Property are as follows (collectively, the "Liens & Interests"):  (i)  the properly asserted claims of exemption by the Debtor of the 1994 Ford Mustang Cobra under section 34-26(8) of the Code of Virginia (1950, as amended) and the Tracker Marine Tahoe watercraft under section 34-4 of the Code of Virginia (1950, as amended) in the amounts of $3,348.00 and $643.00, respectively

2

(the "Exemptions"); (ii) the Debtor's residual interest in the Personal Property; and (iii) any unperfected liens, claims, rights, or interests in the Personal Property.

F.    The Trustee has requested the authority of the Court to sell the Personal Property at public auction to the final, highest bidder, pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004.  Pursuant to section 363(b)(1) of the Bankruptcy Code, the trustee, after notice and a hearing, may sell property of the estate other than in the ordinary course of business.  In addition, pursuant to Bankruptcy Rule 6004(f)(1), the trustee may sell property not in the ordinary course of business at public auction.

G.    The Trustee has further proposed that he sell the Personal Property free and clear of all liens, claims, rights and interests on or in the Personal Property, including without limitation, the Liens & Interests as described in the Motion, pursuant to section 363(f) of the Bankruptcy Code, and that all Liens & Interests attach to the proceeds of the sale of the Personal Property according to the respective priority and extent of such Liens & Interests and their effectiveness under the Bankruptcy Code, if any, and applicable non-bankruptcy law.

H.    Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

I.    Grounds exist for the sale of the Personal Property free and clear of all Liens & Interest.  Grounds exist for the sale free and clear of the Exemptions, in that, in each instance, the

3

Debtor could be compelled in a legal or equitable proceeding to accept a money satisfaction of such Exemptions. Grounds exist for the sale free and clear of the Debtor's residual interest and all unknown, unperfected, and inchoate liens, claims, rights, and interests, in that, in each instance, such a lien, claim, right, or interest is subordinate to the estate's interest and therefore is in bona fide dispute until the estate's interest has been satisfied and all claims paid in full.

J. The purchase price for the Personal Property obtained by the proposed auction will be reasonable, in that such price will be determined by exposing the Personal Property to the market through the services of a licensed auctioneer who will advertise the sale of the Personal Property to a broad market and create the maximum opportunity to obtain the highest price.

K. The proposed sale of the Personal Property is in the best interests of the estate and its creditors. The sale of the Personal Property is estimated to generate sufficient funds to provide a meaningful dividend to the unsecured claims filed in this Case. In addition, the proposed sale will eliminate the risks, costs, and potential losses associated with the continued retention of the Personal Property in the estate of this Case.

L. Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11. Furthermore, Bankruptcy Rule 6004(f)(2) provides that the trustee shall execute any instrument necessary or ordered by the court to effectuate a transfer to a purchaser.

M. The Trustee has requested authority to sign and deliver Trustee's Special Warranty Bills of Sale and the Certificates of Title for the Personal Property and other documents reasonably requested by the purchasers. It is necessary for the closing of the proposed sale of the Personal Property for the Trustee to execute and deliver Trustee's Special

Warranty Bills of Sale and the Certificates of Title for the vehicle and the watercraft and other documents that may be reasonably requested by the purchasers.

N. Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until fourteen (14) days after entry of the order, unless the court orders otherwise. Under the circumstances of this proposed sale, and absent any objection to the proposed sale, cause exists for the Court to make its order granting this Motion to become effective immediately upon entry, as permitted by Bankruptcy Rule 6004(h).

O. Notice of the Motion, the proposed sale of the Personal Property, the hearing on the Motion, and the deadline to file an objection to the Motion has been given as reflected on the certificate of service annexed to the Notice of Hearing and Deadline to Object (the "Notice") filed with the Court. The notice given is sufficient and fully complies with the applicable rules governing notice, including without limitation, Bankruptcy Rule 2002(a)(2) and Local Rule 9013-1(M). No further notice is required. There have been no objections to the Motion filed by the deadline set forth in the Notice. Cause exists to grant the Trustee's request that the Court enter an order granting the relief requested in the Motion and cancelling the hearing on the Motion.

Based on the foregoing as its findings of fact and conclusions of law, it is hereby ORDERED and DECREED that:

1. The Motion is GRANTED in its entirety. The Trustee is authorized to sell the Personal Property at a public auction to the highest responsive bidder, free and clear of all liens, claims, rights and interests, known and unknown, including without limitation the Liens & Interests, with such liens, claims, rights and interests attaching to the proceeds of sale in their respective priority and their respective effectiveness as to the estate

2.      This order is effective as a determination that, upon the closing of the sale each item constituting the Personal Property, all liens, claims, rights, and interests, known and unknown, including without limitation the Liens & Interests, on or in such item of the Personal Property have been and hereby are adjudged and declared to be released, discharged, and terminated, and the Personal Property shall have been conveyed by the Trustee to the purchaser thereof free and clear of all such liens, claims, rights, and interests.

3.      The Trustee is authorized to sign and deliver Trustee's Special Warranty Bills of Sale and the Certificates of Title for the Personal Property and other documents reasonably requested by the purchasers and to pay the Exemptions to the Debtor from the proceeds of the sale of the respective item for which an Exemption has been claimed.

4.      This Order be effective immediately upon entry and shall not be stayed by any applicable statute or rule.

5.      The hearing on the Motion scheduled for April 25, 2019 at 9:30 a.m. in Roanoke, Virginia is cancelled and removed from the Court's hearing calendar for that date, time and location.

**END OF ORDER**

/s/ William E. Callahan, Jr.
William E. Callahan, Jr., Esq. (VSB No. 37432)
LECLAIRRYAN, PLLC
1800 Wells Fargo Tower, Drawer 1200
Roanoke, VA 24006-1200
Telephone:  (540) 777-3068
Facsimile:  (540) 510-3050
Email:  william.callahan@leclairryan.com

      Counsel for the Trustee